# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

EUGENE KERRENT,        )
                       )
    Petitioner,        )        C. C. A. NO. 02C01-9809-CC-00288
                       )
vs.                    )        MADISON COUNTY
                       )
STATE OF TENNESSEE,    )        No. C97-200
                       )
    Respondent.        )

**FILED**

May 25, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

## O R D E R

This matter is before the Court upon the state's motion, pursuant to Rule 20, Rules of the Court of Criminal Appeals, to affirm the trial court judgment by order rather than formal opinion. This case represents an appeal from the dismissal of the petitioner's third petition for post-conviction relief. In 1988, the petitioner was convicted of aggravated kidnapping and being an habitual offender. The petitioner was sentenced to life imprisonment. The petitioner subsequently filed a petition for post-conviction relief attacking these convictions, as well as a petition attacking the underlying convictions used to establish his habitual offender status. The trial court denied both petitions and this Court affirmed the denials on appeal. See Eugene Kerrent v. State, No. 02C01-9103-CC-00047 (Tenn. Crim. App., Oct. 9, 1991); Eugene Kerrent v. State, No. 02C01-9412-CC-00275 (Tenn. Crim. App. Apr. 4, 1995).

On May 30, 1997, the petitioner filed the present petition for post-conviction relief. The petitioner raises the issue of ineffective assistance of counsel, which is the same issue he raised in his two previous petitions. Finding that the petitioner had previously filed two petitions for post-conviction relief and that the present petition is time barred, the trial court dismissed the petition.

T.C.A. § 40-30-202(c) provides that no more than one petition for post-conviction relief may be filed attacking a single judgment, and mandates that the trial court shall summarily dismiss any second or subsequent petition if a prior petition was

filed and resolved on the merits by a court of competent jurisdiction. Since the petitioner previously filed at least one petition that was resolved on the merits by the trial court and by this Court on appeal, the petitioner's present petition was properly dismissed. Additionally, after reviewing the entire record on appeal, we find that the petitioner's claim does not fall within one of the limited circumstances under which a prior petition may be re-opened. See T.C.A. § 40-30-217.

Accordingly, we conclude that the trial court did not err in dismissing the petitioner's petition for post-conviction relief. Accordingly, it is hereby ORDERED that the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals. It appearing the petitioner is indigent, costs of this appeal shall be taxed to the state.

_____
DAVID G. HAYES, JUDGE


_____
JOE G. RILEY, JUDGE


_____
JOHN EVERETT WILLIAMS, JUDGE

2